## HENRY KELLOGG *vs.* THOMAS W. FRENCH.

Upon the request of a jury after deliberation, for further instructions, it is within the discretion of the presiding judge, and not subject to exception, to refuse to give or entertain a request for further instructions upon a point on which they are not asked for by the jury.

An advertisement, cautioning all persons against purchasing or receiving a bill of exchange, published by the drawer in a newspaper in the place of residence of a subsequent purchaser, is not of itself evidence that such purchaser took the bill with notice of fraud in its origin.

ACTION OF CONTRACT against the acceptor of a bill of exchange drawn by Douglass & Co. at Chicago, Illinois, on the 15th of March 1856, and payable in ninety days. Answer, that the drawing and acceptance were procured by fraud and fraudulent representations, and that the plaintiff took the bill with notice thereof.

At the trial in the superior court of Suffolk at September term 1858, before *Nash,* J., there was evidence tending to show that the bill was discounted in Chicago by a person pretending to be an agent of the Arlington Bank of Washington, D. C., who paid Douglass & Co., for whose accommodation it was drawn and accepted, in uncurrent and worthless bills; and on the 1st of June 1856 came into the hands of J. W. Webb & Co., bankers in Washington, (whether with or without notice of the fraud was in dispute upon the evidence,) and by them transferred to the plaintiff.

Douglass, one of the drawers of the bill, testified that on the

25th of March 1856 he had a conversation in Washington with Webb ·and the plaintiff about the bill, and put an advertisement in the Washington Union, a newspaper published in Washington, and also in two Chicago newspapers, wherein all persons were cautioned against purchasing or receiving the bill. But copies of these advertisements, though called for, were not produced at the trial. And there was no evidence whether the advertisement was in the daily, weekly, or other issue of the Washington Union, or that that newspaper was taken by Kellogg, or habitually read by him, or taken at any place to which Kellogg resorted, or by Webb & Co.

The plaintiff introduced evidence tending to show that in March 1856 he was a citizen of Clinton in this state, and went to Washington to fulfil a government contract to supply bricks for the Washington Aqueduct; that till the first part of May he went back and forth between Washington and Clinton; that from the middle of May he casually did business with Webb & Co. as bankers merely; removed his family to Washington in June; purchased the bill before maturity, without notice, for a valuable consideration; in October or November became a member of the firm of Webb & Co.; and never read or heard of the advertisement. The defendant contended that upon the evidence in the case the plaintiff had notice of the fraud in the inception of the bill; but neither counsel in argument, nor the judge in charging the jury, referred to the advertisement. Neither party excepted to the charge, or asked for further instructions.

After the jury had been out several hours, they were brought into court, and being asked whether further instructions or recapitulation of the evidence would assist them in coming to an agreement, the foreman said that in the minds of some of the jurors question had arisen as to the effect of the advertisement in the newspaper, whether the plaintiff was bound by it. Whereupon the judge instructed the jury " that the mere advertisement in the Washington newspaper amounted to nothing as notice to the plaintiff of the fraud in the origin of the draft; that there was no evidence in the case that the advertisement

was brought home, or which would legitimately authorize the inference that the advertisement was brought home, to the knowledge of the plaintiff; and that the advertisement could not be considered by them as notice to the plaintiff, unless it was proved by other and direct evidence that the advertisement was read or known to the plaintiff."

The counsel for the defendant then asked the judge to instruct the jury, on whom was the burden of proof, to show whether the plaintiff had notice of the manner of obtaining the defendant's acceptance. But the judge declined, and directed the jury to retire. The counsel for the defendant, however, stated that he wished, before the jury retired, to submit to the judge certain prayers for instructions to the jury, modifying and adding to those already given to the jury on the subject of the advertisements. The judge, thinking it advisable at that stage of the case to avoid anything that might possibly operate as a reargument by each side in the hearing of the jury, declined to withdraw the direction already given to the jury to retire; but stated to the counsel for the defendant that he would hear him, and bring the jury in again if proper. The jury then went out. The counsel for the defendant then asked the court to instruct the jury, " that from the fact that said advertisement was published in the city of Washington, where the plaintiff resided and had his usual place of business, and from the facts proved in relation to the character of the plaintiff's business, the jury had a right to conclude that the plaintiff read said advertisement." But the judge declined to have the jury brought back. The verdict was for the plaintiff, and the defendant alleged exceptions.

*B. Dean*, for the defendant, cited *Jenkins* v. *Blizard*, 1 Stark. R. 418; *Williams* v. *Keats*, 2 Stark. R. 290; *Godfrey* v. *Macauley*, Peake R. 155, note; *Green* v. *Merchants' Ins. Co.* 10 Pick. 402; *Pitcher* v. *Barrows*, 17 Pick. 365; *Shurlds* v. *Tilson*, 2 McLean, 458; *Coddington* v. *Hunt*, 6 Hill, 595; *Page* v. *Brant*, 18 Ill. 37; *Treadwell* v. *Wells*, 4 Cal. 260; *Mauldin* v. *Branch Bank*, 2 Alab. 502; *Mitchum* v. *Bank of Kentucky*, 9 Dana, 166.

*D. E. Ware*, for the plaintiff.

SHAW, C. J. The proceedings of the judge, on the return of the jury without a verdict, appear to us to have been marked with strict propriety and delicacy. When a jury, not having agreed after deliberation, desire further instructions, or a modification or explanation of instructions previously given, the counsel have a right to know what instructions or explanations are given, because they are open to exception in matter of law. But in all other respects it is a transaction between the judge and jury. The situation is a delicate one. The jurors are presumed to have discussed the case, and to have formed or be on the point of forming opinions. Any further discussion, either of the evidence or the law, in presence of the jury, might be eminently prejudicial. At all events, it is for the judge himself, at his discretion, to determine whether to permit such discussion or not.

The instruction which the judge did give, or rather his comment on the evidence, we think was right. There was an attempt at the trial to prove notice to the plaintiff of a certain fact; but it was an attempt to do so by circumstantial evidence. Publication of an advertisement in a newspaper was one step towards it, and therefore proof of that fact was rightly admitted, though it is doubtful whether mere parol evidence, without the production of the paper or a copy of it, was competent. But suppose it was; proof of one or five steps, when ten are necessary to reach the conclusion, is not even *prima facie* evidence of the fact to be proved.

Here the evidence of notice by this advertisement had so far failed that neither one of the counsel had remarked upon it in the argument, nor the judge in his charge. It was raised by a scruple suggested by a juror. In reference to this, the judge instructed the jury that the mere advertisement amounted to nothing as notice to the plaintiff, and that there was no evidence that knowledge of it was brought home to the plaintiff. Whether there was any such evidence must have been known to the judge; and if there was none, the mere fact of advertisement was not notice to the plaintiff. The other direction was substantially the same proposition in another form. The judge

stated that the advertisement could not be considered by them as notice to the plaintiff, unless it was proved by other and direct evidence that it was read by or known to the plaintiff. Such evidence might be various in character, such as the character and circulation of the paper, the number of newspapers published in the same city or town, and any circumstances of the plaintiff's residence, habits or business, leading to a belief that the advertisement was seen or known by him, or the contrary. We think this proposition was correct.

This is not a case where a publication in a newspaper is required by statute, or by a custom of merchants, which is a part of the law merchant. There, such publication may operate as constructive notice, whether brought home to the knowledge of any one attempted to be affected by it, or not; as in case of the dissolution of a partnership. *Pitcher* v. *Barrows*, 17 Pick. 365. Here it was a question whether the advertisement was actually known to the plaintiff or not.　　　　　*Exceptions overruled.*